Appeal from trial term, New York county.

Action by Moses Shedlinsky against the Budweiser Brewing Company, Limited, for rent. From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

F. E. Dana, for appellant.

A. Stern, for respondent.

PARKER, J. The plaintiff leased certain premises situated within 200 feet of a school building in the city of New York to the defendant for a term of three years from May 1, 1895, to be used as a liquor saloon. The lease contained the following clause: "The said party of the second part covenants and agrees to use the said rented premises only for a liquor saloon." Defendant had no license to carry on the saloon business at this place, and urges that this contract of leasing was for an illegal purpose, and therefore an action will not lie to enforce it. If it were not possible, at the date of this contract, to conduct a liquor saloon lawfully in these premises, then defendant's position is impregnable. But we are not advised by this record that such was the fact. The statute provides, in effect, that no new license shall be granted within 200 feet of a building occupied as a church or a schoolhouse, but the board of excise may, in its discretion, grant permission to transfer a license from premises within the limits above mentioned to other premises within said limits, but at a greater distance from the principal entrance of a church or school. It does not appear that a license could not have been obtained for these premises in the way pointed out by statute. And the law will not presume that the parties to this contract intended to have an unlawful business carried on when a lawful business was possible. It follows that the defendant failed to establish that the parties contracted for the conduct of a business in violation of the statute.

The judgment should be affirmed, with costs. All concur.

(17 App. Div. 286.)

FOGASSI v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.   May 7, 1897.)

INJURY TO PASSENGERS LEAVING FERRYBOAT—CONTRIBUTORY NEGLIGENCE.

    A passenger on a ferryboat is chargeable with contributory negligence where her fall into a space two feet wide between the boat and the dock would not have occurred if she had looked where she was walking.

Appeal from appellate term.

Action by Marie Fogassi against the New York Central & Hudson River Railroad Company for personal injuries. From a reversal by the appellate term (43 N. Y. Supp. 268) of a judgment in favor of plaintiff, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and PARKER, JJ.

Peter Mitchell, for appellant.

Herbert E. Kinney, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendant. On the 21st of July, 1893, about 9 o'clock, the plaintiff and her husband were passengers on the defendant's ferryboat Kingston, coming from New Jersey to New York. The ferryboat was of the usual pattern, rounded to fit a corresponding curve in the bridge at which the boat landed. The boat upon this occasion was not brought up close to the bridge, but there was an opening between the boat and the bridge. Across this opening a gang plank without guards or rails was thrown, and upon this the passengers passed. The plaintiff was standing on the forward part of the boat at the time of landing, and she heard them put the plank there. The plaintiff's husband went ashore, but she waited about half way between the bow of the boat and the cabin until the crowd thinned out. She then saw the plank, and started and joined the crowd; and, walking on without looking down, because of the crowd, as she says, she stepped off the plank, and fell in the river. The plaintiff further testified that there was no light where she stood. Upon the trial the jury rendered a verdict for the plaintiff. The judgment thereupon entered was affirmed by the general term of the city court (41 N. Y. Supp. 1115), and upon appeal to the appellate term this judgment was reversed, and from the order of reversal this appeal is taken. 43 N. Y. Supp. 268.

It seems to us, as held by the appellate term, that the plaintiff was guilty of contributory negligence. Passengers upon public conveyances are bound to take some care of themselves, and where there is a manifest danger they are required to use reasonable care to avoid it. In the case at bar the plaintiff heard the plank put out. When she started to leave the boat she saw it; and then, of her own free will, joined a crowd in passing over the plank, which crowd, she says, prevented her from seeing it. After she joined the crowd, she did not attempt to look for the plank, or pay any attention to it, but followed the crowd, looking for her husband, who had gone off the boat ahead of her. It is manifest that if she had avoided the crowd which she voluntarily joined, and looked for the plank, she could have seen it. She saw it when half way between the entrance to the cabin and the end of the boat, and when she started to join the crowd. Knowing thus the situation, it was the plain duty of the plaintiff to have used some care in keeping upon the plank, and not to go forward heedlessly, and without paying the slightest attention to her steps. As but one inference can be drawn from the facts proven upon the trial, the question of contributory negligence was one for the court and should not have been submitted to the jury.

The order appealed from should be affirmed, with costs to the respondent to abide the event of the new trial. All concur.